ZACHARY LEVINE (SBN 265901)
zjl@wolklevine.com
SARAH R. WOLK (SBN 251461)
srw@wolklevine.com
WOLK & LEVINE, LLP
535 N. Brand Blvd., Ste. 300
Glendale, CA 91203
Telephone: 818-241-7499
Facsimile: 323-892-2324

Attorneys for Plaintiff
Counsel for Creators, LLP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNSEL FOR CREATORS, LLP, a California limited liability partnership;<br><br>Plaintiff,<br><br>vs.<br><br>FRANCELINA M. PERDOMO, an individual; and DOES 1-10;<br><br>Defendants. | **COMPLAINT:**<br>(1) Trademark Infringement;<br>(2) False Designation of Origin; and<br>(3) Common Law Unfair Competition under California Business and Professions Code § 17200 *et seq.*<br><br>**DAMAGES IN EXCESS OF $75,000**<br>**DEMAND FOR JURY TRIAL** |

   Plaintiff Counsel for Creators, LLP ("Plaintiff"), by and through its undersigned counsel, files the following Complaint for damages and injunctive relief; and demand for jury trial, complaining of Francelina M. Perdomo and Does 1 through 10 (individually a "Defendant" and collectively the "Defendants") as follows:

///

///

///

COMPLAINT - 1

# JURISDICTION AND VENUE

1. Jurisdiction is founded upon Title 28 U.S.C. § 1332, as there is a complete diversity of citizenship between Plaintiff and Defendants in this matter and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This Court also has jurisdiction over this claim under the Declaratory Judgment Act (28 U.S.C. § 2201).

2. This Court also has jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to copyright or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over the state claims herein in that these claims are related to, and form part of, the same case and controversy as the federal claims herein.

4. This Court has personal jurisdiction over the Defendants in that Defendants claim that they are conducting business in the State of California and in this District and have availed themselves of the benefits and protections of the same.

5. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district.

# PARTIES

6. Plaintiff Counsel for Creators, LLP is, and at all times relevant hereto was, a limited liability partnership organized under the laws of the State of California, with its principal place of business in Los Angeles County, California.

7. Defendant Francelina M. Perdomo is, and at all times relevant hereto was, an individual residing in New York.

8. Does 1-10, are, and at all times relevant hereto were, by the nature of their conduct, liable to the Plaintiff for the misconduct alleged herein. At such time as the true names and identities of the Doe Defendants are known, Plaintiff will seek leave of this Court to amend their complaint to add the same.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff was awarded U.S. Registration Number 5314041 for "COUNSEL FOR CREATORS" ("Plaintiff's Mark") based on its continuous use of the same in commerce for "legal services, namely, licensing intellectual property, including copyrights, and trademarks; legal services, namely, intellectual property prosecution and protection; legal services, namely, business formation and operation; legal services, namely, contract drafting, review and negotiation" since at least as early as April 30, 2013.

10. Defendant alleges that she has used the mark "Counsel for Creatives" in connection with "legal services, namely, consulting clients and representation of clients in the field of entertainment law and intellectual property matters, providing information in the field of entertainment and intellectual property law, and providing commentaries in the field of entertainment and intellectual property law via the internet" since at least as early as March 22, 2011.

11. Despite Defendant's allegation, on information and belief, Plaintiff contends that Defendant did not start using the "Counsel for Creatives" mark in commerce until sometime in 2015 but definitely after Plaintiff's first use of Plaintiff's Mark.

///
///
///

# FIRST CLAIM FOR RELIEF

## (Trademark Infringement)

12. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 11 inclusive, with the same force and effect as though set forth in full hereat.

13. Plaintiff is the owner of the "COUNSEL FOR CREATORS" mark and began using the same long before Defendant first used the "Counsel for Creatives" mark in commerce.

14. Defendant's use of "Counsel for Creatives" in connection with legal service has and will continue to have the effect of causing confusion, mistake, or deception as to the source of Defendant's produces and services and to deceive the public of passing off Defendant's services as being provided by, or otherwise approved by or connected with Plaintiff.

15. Defendant's acts have damaged Plaintiff's business and have impaired and diluted Plaintiff's goodwill in its trademark.

16. Unless enjoined by this Court, Defendant will continue its acts of trademark infringement, thereby deceiving the public and causing Plaintiff immediate and irreparable harm and damage.

17. Plaintiff is entitled to an order of this Court enjoining Defendant, its officers, agents, and employees, and anyone acting in concert with them, from using the phrase "Counsel for Creatives", alone or in combination with other words, or any other colorable imitations of Plaintiff's mark in Defendant's advertising, marketing, or sale of its products and services or in any other way in connection with the conduct of their business.

18. As a result of Defendant's conduct set forth above, Plaintiff has suffered damages the exact amount of which Plaintiff has not been able to determine. Plaintiff is entitled to recover from Defendant such damages, together

with interest thereon, and an amount equal to Defendant's profits derived from its unlawful and wrongful conduct.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin)

19. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 11 inclusive, with the same force and effect as though set forth in full hereat.

20. Defendant's use of the designation "Counsel for Creatives" in its labeling, advertising, marketing, and providing of its services for its own benefit, in such a fashion and design as to imitate Plaintiff's Mark, constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), on the grounds that it creates a likelihood of confusion among prospective purchasers and employees, and further on the grounds that such usage induces, or is likely to induce, prospective purchasers and employees and others to believe, contrary to facts, that Defendant's services are performed by, approved by, or otherwise connected in some way with Plaintiff or with Plaintiff's services.

21. Defendant's use of the designation "Counsel for Creatives" in the manner alleged above constitutes a false designation of origin of Defendant's services, or false description or representation of Defendant's services, in violation of Section 43(a) of the Lanham Act, 15U.S.C. § 1125(a).

22. Defendant will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representation set forth above, which has caused, and will continue to cause, Plaintiff immediate and irreparable harm.

23. Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendant, its officers,

agents, and employees from using "Counsel for Creatives" alone or in combination with other words or any other colorable imitations of Plaintiff's Mark, in the advertising, marketing, or sale of Defendant's goods or services.

24. As a result of Defendant's acts of unfair competition set forth below, Plaintiff has suffered damages, the exact amount of which Plaintiff has not yet been able to determine. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Plaintiff is entitled to a judgment for damages not to exceed three times the amount of its actual damages, as shall be proved at trial, together with interest thereon, and for an amount equal to Defendant's profits derived from its unlawful and wrongful conduct.

25. Defendant's actions as set forth above entitle Plaintiff pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117 to an award of attorneys' fees incurred in bringing this action.

## THIRD CLAIM FOR RELIEF

**(Common Law Unfair Competition Under California Business and Professions Code § 17200 *et seq*.)**

26. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 11 inclusive, with the same force and effect as though set forth in full hereat.

27. The tendency and effect of Defendant's continued use of the designation "Counsel for Creatives", alone or in combination with other words, in the advertising and marketing of its services is to cause confusion, mistake, and deception as to the source or origin of Defendant's services. Defendant's acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its service mark, and constitute common law unfair competition within the meaning of California Business and Professions Code § 17200 *et seq*.

28. Unless enjoined by this Court, Defendant will continue its acts of unfair competition, and trademark and service mark infringement, thereby deceiving and confusing the public and causing Plaintiff immediate and irreparable damage.

29. Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement of all of Defendant's profits associated with this unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

30. Judgment in Plaintiff's favor and against Defendants on all causes of action alleged herein;

31. Actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law, but in no event less than the statutory minimum of this Court;

32. Reasonable funds for future corrective advertising;

33. An accounting of Defendant's profits pursuant to 15 U.S.C. § 1117;

34. A judgment trebling any damages awarded pursuant to 15 U.S.C. § 1117;

35. Punitive damages pursuant to California Civil Code § 3294;

36. Restitutionary relief against Defendant and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief;

37. A permanent injunction enjoining all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the

reproduction, production, copying, use, distribution, exploitation, advertising, and promotion of "Counsel for Creatives" or derivative works therefrom;

38. Recovery of Plaintiff's attorney's fees and full costs of suit;

39. Any other remedies to which Plaintiff may be entitled.

DATED: August 8, 2023                     WOLK & LEVINE, LLP

_____
By: Zachary Levine, Esq.
Attorneys for Counsel for Creators, LLP

### DEMAND FOR A JURY TRIAL

Pursuant to F.R.C.P. Rule 38 and Local Rule 38-1, Plaintiff requests a trial by jury.

DATED: August 8, 2023                     WOLK & LEVINE, LLP

_____
By: Zachary Levine, Esq.
Attorneys for Counsel for Creators, LLP